# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **KATHLEEN JULIE WASHPON,** *Plaintiff* | §<br>§<br>§<br>§ | |
| **v.** | §<br>§<br>§ | **Case No. 1:24-CV-00309-RP-SH** |
| **LONE STAR CIRCLE OF CARE AT TEXAS A&M HEALTH SCIENCE CENTER, ET AL.,** *Defendants* | §<br>§<br>§<br>§<br>§ | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff's Complaint (Dkt. 1), Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), and Motion for Permission to File Electronically, all filed March 18, 2023. The District Court referred this case to this Magistrate Judge for disposition of the Application and Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 4.

### I.    Background

Plaintiff Kathleen Julie Washpon, proceeding *pro se*, attempts to bring this state negligence action against Lone Star Circle of Care at Texas A&M Health Science Center and Dr. Rodolfo Gutierrez-Macias, Dr. Adeyoyin Okunade, and Dr. Tamika Latta ("Doctor Defendants"). Dkt. 1.

1

## II.    Application to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that she cannot pay such fees or security. A plaintiff need not be "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). To determine whether a particular order causes undue financial hardship, a court must examine the financial condition of the *in forma pauperis* applicant. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* A court's determination of whether a party may proceed in forma pauperis must be based solely on economic criteria. *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024).

Based on Washpon's representations in her financial affidavit, the Court finds that she cannot pay the filing fee without experiencing undue financial hardship. Accordingly, the Court **GRANTS** Washpon *in forma pauperis* status and **ORDERS** her Complaint to be filed without pre-payment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Washpon is also advised that although she has been granted leave to proceed *in forma pauperis*, a Court may impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Court has reviewed Washpon's claims in the Complaint (Dkt. 1) under 28 U.S.C. § 1915(e)(2) and recommends that her suit should be dismissed. Accordingly, service on Defendants should be withheld pending the District Court's review of this recommendation.

### III.     Application for Permission to File Electronically

Washpon asks the Court to approve her request to become an electronic filing user. Dkt. 3. Because Washpon states that she has regular access to all the technical requirements necessary to e-file successfully, the Court **GRANTS** Washpon's Application for Permission to File Electronically (Dkt. 3).

### IV.     Frivolousness Review Under Section 1915(e)

The Court recommends that Washpon's suit should be dismissed under Section 1915(e).

#### A.  Section 1915(e)

In 1892, Congress enacted the *in forma pauperis* statute, now codified at 28 U.S.C. § 1915,

> to ensure that indigent litigants have meaningful access to the federal courts. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* by filing in good faith an affidavit stating, *inter alia*, that he is unable to pay the costs of the lawsuit. Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.

*Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citation omitted). To prevent such abusive litigation, § 1915(e) authorizes a federal court to dismiss a claim filed *in forma pauperis* "at any time" if it determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Dismissals on these grounds often are made *sua sponte* before process issues, "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324.

A claim is frivolous when "it lacks an arguable basis either in law or in fact." *Id.* at 325. A complaint lacks an arguable basis in law "if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Berry*

*v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A complaint lacks an arguable factual basis if the facts alleged are "clearly baseless," a category encompassing "fanciful," "fantastic," and "delusional" allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28)). A complaint fails to state a claim on which relief may be granted when the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, a plaintiff must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice to state a claim on which relief may be granted. *Id.*

### B.  Plaintiff Does Not Assert a Viable Claim

Washpon alleges in her Complaint that she is resident of Milam County, Texas, who injured her back, hips, wrists, and knees after a "slip and fall incident" on December 22, 2014. Dkt. 1 at 1. Washpon alleges that she visited Lone Star Circle of Care in Georgetown, Texas after her fall and received negligent medical treatment from the Doctor Defendants. Washpon alleges that she saw Dr. Gutierrez-Macias on October 21, 1025, Dr. Okunade on August 4, 2016, and Dr. Latta on April 25, 2017, and they all misdiagnosed her injuries and failed to prescribe her pain medication and "adhere to holistic standard medical practices." *Id.* at 1. Washpon alleges that this Court has federal question jurisdiction over her claims because Lone Star Circle of Care is a "federal medical facility" and she is alleging claims under the Federal Tort Claims Act. *Id.* at 2.

Lone Star Circle of Care is "a federally supported health center covered by the Federal Tort Claims Act (FTCA)." *Gomez v. United States*, No. A-14-CA-295-SS, 2014 WL 2727116, at *1

(W.D. Tex. June 13, 2014).[1] The FTCA provides the exclusive remedy for tort claims against the federal government and its employees. 28 U.S.C. § 2679(b)(1). It "authorizes civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred." *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003) (citing 28 U.S.C. §§ 1346(b)(1), 2674).

An FTCA claim must be "presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim." 28 U.S.C. § 2401(b). Failure to meet either of these deadlines means a claim is "'forever barred.'" *Broussard v. United States*, 52 F.4th 227, 229 (5th Cir. 2022) (quoting § 2401(b)).

Washpon does not state a viable claim under the FTCA. First, "[i]t is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) (citing 28 U.S.C. § 2679). Thus, "an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Id.* Defendants are not proper parties under the FTCA.

Even if the Court permitted Washpon to amend her Complaint to substitute the United States as a defendant, her claims would fail because she shows neither that they are timely nor that she has exhausted her administrative claims. Washpon's negligence claims all accrued by April 25,

---

[1] The Federally Supported Health Centers Assistance Act of 1995 ("FSHCAA") extends coverage of the FTCA to qualified, eligible community health centers and their employees. *See* 42 U.S.C. § 233(a), (g); *McLaurin v. United States,* 392 F.3d 774, 777 (5th Cir. 2004). Under the FSHCAA, the U.S. Public Health Service may deem qualified and eligible community health centers and their employees to be federal employees for purposes of the FTCA.

2017, when she last visited one of the Doctor Defendants. She does not allege that she presented

an administrative claim to the appropriate federal agency—the Department of Human and Health

Services—within two years. *See Gomez*, 2014 WL 2727116, at *1 (stating that the Department of

Health and Human Services is the "appropriate agency" for such an administrative claim); *see also*

*Silver v. Bemporad*, No. SA-19-CV-284-XR, 2019 WL 1724047, at *2 (W.D. Tex. Apr. 18, 2019)

(dismissing FTCA claim to under 28 U.S.C. § 1915(e) when plaintiff failed to allege that he had

exhausted administrative remedies under the FTCA).

For these reasons, Plaintiff fails to state a viable claim under the FTCA, and this Magistrate

Judge recommends that her Complaint should be dismissed under Section 1915(e).

### V.      Plaintiff Is a Recreational Litigator

Washpon has "a history of filing frivolous lawsuit in this Court." *Washpon v. Progressive*

*Corp.*, No. 1:23-cv-1239-RP, 2024 WL 874721, at *3 (W.D. Tex. Jan. 26, 2024). She has filed six

previous lawsuits in this Court that have been dismissed as frivolous, remanded to state court, or

dismissed for failure to state a plausible claim for relief. *See id.* (dismissing bad-faith insurance

claims against insurance companies and Department of Veterans Affairs); *Washpon v. Erratt*,

No. 1:23-cv-942-RP (W.D. Tex. Aug. 31, 2023) (remanding state suit challenging foreclosure that

was improperly removed by plaintiffs); *Washpon v. City of Rockdale*, No. 1:23-cv-949-RP

(W.D. Tex. Aug. 31, 2023) (remanding case duplicative of *Washpon v. Erratt*, 1:23-cv-942-RP);

*Washpon v. Erratt*, No. 6:17-cv-80-RP (W.D. Tex. Aug. 15, 2017) (dismissing complaint related

to a trust and estates dispute for lack of jurisdiction and failure to prosecute); *Washpon v. Milam*

*County Sheriff Dept.,* No. 6:18-cv-54-ADA (W.D. Tex. Oct. 25, 2018) (dismissing suit duplicative

of *Washpon v. Erratt*, 6:17-cv-80-RP, for lack of jurisdiction and want of prosecution); *Washpon*

*v. Jane/John Does 1,* No. 6:18-cv-51-ADA (W.D. Tex. Oct. 25, 2018) (same).

The Honorable Robert Pitman warned Washpon just four months ago that filing "future frivolous cases may result in the imposition of court costs or attorneys' fees." *Washpon v. Progressive Corp.*, 2024 WL 874721, at *7. This Magistrate Judge recommends that the District Court again warn Washpon that it will impose sanctions such as a pre-filing bar if she continues to file frivolous and meritless lawsuits in this Court.

## VI.     Order and Recommendation

The Court **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) and Washpon's Application for Permission to File Electronically (Dkt. 3).

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS WITH PREJUDICE** Plaintiff's lawsuit under 28 U.S.C. § 1915(e) and **WARN** Plaintiff that continuing to file frivolous and meritless suits in this Court may result in the imposition of sanctions and a pre-filing bar.

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

## VII.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

§ 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **SIGNED** on May 31, 2024.

                                        _____

                                        SUSAN HIGHTOWER
                                        UNITED STATES MAGISTRATE JUDGE